UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10541
Summary Calendar
_____


LINDA S. SHAMMAS,

                                    Plaintiff-Appellant,

                    versus

NEIMAN-MARCUS/NEIMAN-MARCUS
COMPANY/THE NEIMAN MARCUS
GROUP, INC.,

                                    Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Texas
(3:93-CV-636-D)
_____

July 26, 1996


Before KING, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Appellant Linda Shammas appeals a district court judgment
dismissing with prejudice her claims for sexual harassment and
retaliation under Title VII against appellee Neiman Marcus.
Shammas argues that the district court clearly erred in finding
against her on the issues of *quid pro quo* discrimination, hostile

_____

[*]     Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

environment sexual harassment, and retaliation.

With respect to Shammas's appeal from the adverse rulings on *quid pro quo* and retaliation, we find the evidence was clearly sufficient to support the district court's findings. In particular, the district court did not credit Shammas's testimony that Bullard gave Shammas a disciplinary warning because she told him she would no longer endure the sexual harassment. Given that much of the evidence indicated that Shammas was terminated for insubordination, the district court did not clearly err in finding that Shammas's disciplinary warning and subsequent termination were not the result of her refusal to acquiesce in *quid pro quo* sexual harassment or in retaliation for engaging in protected activity under Title VII.

Shammas also asserts that the district court erred in finding against her on her claim for hostile environment sexual harassment. As much as some cases, and this case in particular, may tempt us to substitute our findings for those of the district court, we adhere to the doctrine that this type of substitution is improper when the district court's account of the evidence is plausible in light of the record viewed in its entirety. See <u>Anderson v. City of Bessemer City, N.C.</u>, 470 U.S. 564, 573-74, 105 S. Ct. 1504, 1511, 84 L. Ed.2d 518 (1985). After carefully reviewing the record, we cannot say that the district court clearly erred in finding the complained-of remarks were not sufficiently severe or pervasive to establish Shammas's hostile environment sexual harassment claim. Accordingly, we affirm the judgment of the district court.
AFFIRMED.